UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLI T. JACK, | ) |
| | ) Marion County, Indianapolis |
| PLAINTIFF | ) Washington Township Small Claims |
| | ) State Court Case No. 49K07-1005-SC-2631 |
| -VS- | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT | ) Case No. 1:10-CV-0715-TWP/DML |
| BOWMAN HEINTZ BOSCIA | ) |
| & VICIAN, P.C., | ) |
| | ) |
| DEFENDANTS | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

The Plaintiff Kelli T. Jack ("Jack"), pro se, brings this cause of action against Midland Credit Management and Bowman Heintz Boscia & Vician, P.C. for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") at 15 USC §1692, et. seq. and the Fair Credit Reporting Act ("FCRA") at 15 USC §1681, et. seq.  The Defendants now request that this Court dismiss Plaintiff's Complaint on the basis that her claims under the FDCPA and FCRA are time-barred.

### PROCEDURAL HISTORY

This case began with the filing by Jack of a Small Claims lawsuit in the Washington Township Superior Court sitting in Indianapolis, IN.  Because her claim relied exclusively on two federal statutes, the Defendants removed this case to the District Court.  Thereafter, the Defendants requested that the Plaintiff make a more definite statement pursuant to Trial Rule 12(E) of her specific claims and causes of action.  After an order of the Court to do so, Jack filed her more definite statement with this Court on or about December 27, 2010.

## STATEMENT OF THE FACTS AS ALL[1]EGED BY PLAINTIFF IN HER COMPLAINT

Pursuant to Jack's definite statement of her allegations, she alleges that in March 1998 she opened a revolving credit account with Spiegel using the name "Kelli Renbarger".  In 1996, Jack divorced her husband and thereafter identified herself by her maiden name, i.e. Kelli T. Jack. (Paragraph 2).

In August 2000, Plaintiff requested a copy of her credit report which indicated that Spiegel had reported a negative payment history. (Paragraphs 6, 7).  In September 2000, she sent dispute letters to the credit bureau and to Spiegel. (Paragraph 8).  From December 2000 through May 2003, Jack apparently made numerous attempts to correct what she perceived to be inaccurate or wrong credit reporting regarding the Spiegel account. (Paragraphs 11 – 16).

Beginning in December 2005, Jack began receiving telephone calls and dunning letters from Sim Associates, Inc. attempting to collect on the Spiegel/FCNB debt.  She was advised in February 2006 that the account had been "given" to Midland Credit Management. (Paragraph 17).  In early 2007, Jack began receiving calls from a company identifying themselves as "Midland Credit" attempting to collect on the Spiegel/FCNB debt. (Paragraph 18).  On July 21, 2008, the Defendant (Jack does not identify which defendant) sent a letter to her which is commonly referred to as "validation notice" required under 15 USC §1692(g)  Jack disputed the debt and asked that the author of the letter validate the obligation. (Paragraph 19).

On October 2, 2008, Defendant filed a lawsuit against Jack in the Marion County Superior Court, Small Claims Court, Indianapolis Division, in that matter entitled, *Midland Credit Management, Inc. as Servicing Agent for Midland Funding, LLC as Assignee of FCNB-Spiegel vs. Kelli Renbarger a/k/a Jack,* Cause No. 49K01-0810-SC-11293.  On February 26, 2009, a default judgment was entered against Jack. (Paragraph 20).  After conversing with the

---

[1] Thereafter, Defendants refer to Jack's more definite statement and the paragraphs therein as her Complaint.

lawyer for Bowman Heintz and the Small Claims judge, it was agreed that her Small Claims case would be dismissed, which dismissal occurred on July 30, 2009. (Paragraph 28).

Thereafter, Jack alleges that the Defendant (again she fails to distinguish between the two), failed to correct negative and inaccurate information on her credit file. (Paragraphs 29 – 31). As alleged by Jack, the failure of the Defendants to correct negative and inaccurate information on her credit report has caused her to suffer damages.

These allegations by Jack, are not sufficient to establish liability upon either of the Defendants for violations of the FDCPA or FCRA.

## STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 637 (7th Cir. 2004). However, the court "will not strain to find inferences favorable to the plaintiffs which are not apparent on the face of this ... complaint." *Coates v.Ill. State Bd. of Educ., 559* F.2d 445, 447 (7th Cir. 1977). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Wieler v. Household Fin. Corp.,* 101 F.3d 519, *524* n.1 (7th Cir. 1996); *Pickrel v. City of Springfield, Ill.,* 45 F.3d 1115 (7th Cir. *1995).* A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). A complaint must allege facts setting forth the essential elements of the cause of action. *Gray vs. Dane County,* 854 F. 2d 179,182 (7th Circuit 1988). Allegations in the Complaint need only state a possible claim, not a winning claim. *Connelly v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 Lwyr. Ed. 2d 80 (1957); *Herdrich v. Pegram,* 154 F. 3d 362, 369 (7th Cir. 1998).

## ARGUMENT

### Issue I.

**The Defendants have not violated the Fair Credit Reporting Act.**

The FCRA is legislation enacted by Congress to regulate the consumer reporting industry. Its primary focus is on credit reporting agencies and the process and procedures they use in the preparation and dissemination of consumer credit reports. There is also a provision in the FCRA that governs the duties of furnishers of information to credit reporting agencies.

There is no allegation in Plaintiff's Complaint that either Midland Credit Management or Bowman Heintz Boscia & Vician, P. C. are credit reporting agencies. Rather, Jack has styled her Complaint based on what she alleges to be improper reporting of credit information to consumer reporting agencies by the Defendants. However, Jack's allegations in this regard fail.

The responsibilities of furnishers of information to consumer reporting agencies, under the FCRA, is at 1681s-2. Subsection (a) outlines various duties, upon furnishing of information. However, violations of 1682s-2(a) can only be enforced by state or federal agencies. There is no private right of cause of action for claims based under 1681s-2(a). (See *Steed v. Everhome Mortgage Co.,* 08-13476(Fed. 11) January 2009).

However, Jack could have a cause of action against a furnisher of information to a CRA pursuant to the provisions of 1681s-2(b), which provides as follows:

**(1) In general**

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

> (C) report the results of the investigation to the consumer reporting agency; and
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

The problem for Jack is that the provisions of 1681s-2(b) come into play only when the furnisher of information has been put on notice by the CRA of a dispute made by the consumer. Pursuant to 1681i(a)(2), a CRA is to refer a consumer dispute to the furnisher in a timely manner so that the furnisher can reinvestigate the consumer's claim. Thus, a furnisher of information is not subject to liability unless it first receives a notice from the CRA that a consumer is objecting or disputing credit reporting information made by the furnisher.

Moreover, Jack cannot hold either Midland Credit or Bowman Heintz liable for the misreporting of credit information made by other parties. *Hukic v. Aurora Loan Services,* 588 F. 3d 420, 434 (7th Cir. 2009); (The FCRA does not require an information furnisher to investigate information reported by other entities.)

In her Complaint, Jack makes no allegations that a CRA ever referred either to Midland Credit or Bowman Heintz her dispute of credit reporting information.  According to Jack, her dispute of the Spiegel/FCNB credit reporting was made between 2000 and 2003.  She was apparently advised by each of the three major CRAs (Paragraph 14) that Spiegel/FCNB have validated the debt to each of the CRAs.

There is no further allegation by Jack that she made disputes to CRAs regarding the furnishing of credit information by either of the Defendants.  In fact, Jack does not even allege that either of the Defendants have furnished negative credit reporting to a CRA.  There is no allegation by Jack that a CRA communicated or contacted either of the Defendants for purposes of validating or verifying information that may have been provided by either of the Defendants.

Therefore, Jack has not alleged sufficient facts to create liability on either of the Defendants for violating the FCRA regarding the furnishing of credit information.

## Issue II.

**Jack's claims for violation of the FCRA are time-barred.**

Simply stated, Jack alleges that in August 2000 she first became aware of the negative credit reporting or furnishing of information to a CRA by Spiegel/FCNB. Her Complaint in this matter was filed in the Marion Small Claims Court on May 6, 2010.

Under the FCRA, a party has two years from the date in which the liability arises in order to file a cause of action. Specifically, §1681p provides as follows:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within two years from the date on which the liability arises,* except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought any time within two years after discovery by the individual of the misrepresentation. (Emphasis added)

Courts have long held that a federal statute of limitations begin, "to run when a party knows or has reason to know that she was injured". *Andrews v. TRW, Inc.,* 225 F.3d 1063, 1066 (9th Cir. 2000).

Jack first discovered the alleged improper credit reporting in August 2000. By November 2003, she understand that the CRAs were not changing or correcting her credit reports in that they alleged stated to her that Spiegel/FCNB had validated her debt and the credit reporting information. Therefore, considering the two year statute of limitations, and giving Jack the benefit of all doubt as to how the statute would apply, the deadline for her to file a Complaint under the FCRA would have been at the end of 2005. Therefore, Jack's lawsuit alleging FCRA

6

liability is not only filed against the wrong entities, but is filed over 5½ years too late. The claims of Jack against the Defendants for violation of the FCRA should be dismissed.

### Issue III.

### Jack's FDCPA claims are time-barred.

Similar to the FCRA, the FDCPA establishes limitations on causes of action for violation of the statute. Specifically, §1692k(d) provides as follows:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

Thus, a one year statute of limitation applies to any FDCPA claims Jack may allege against either Defendant. Considering that her lawsuit in Small Claims Court was filed on May 6, 2010, any and all collection activity that predated May 5, 2009, would be time-barred. See *Rosado v. Taylor,* 324 F. Supp. 2d, 917, 927-928 (N.D. Ind. 2004).

The only activity that occurred after May 5, 2009, was a dismissal of the Small Claims action filed by the law firm on behalf of Midland Credit Management. Jack does not allege that the dismissal of the lawsuit against her is a violation of the FDCPA. In fact, a thorough review of the case law indicates that there are no reported appellate decisions that a debt collector's action to dismiss pending litigation creates liability under the FDCPA. Since the dismissal of the lawsuit was the only action that occurred within the one year statute of limitations period of time and since that action is not a violation of the FDCPA, all of Jack's claims for violations of the FDCPA are therefore time-barred. Jack's lawsuit against the Defendants for violations of the FDCPA should similarly be dismissed.

## CONCLUSION

The Plaintiff's lawsuit should, for the reasons described above, be dismissed. No only have the Defendants not violated the FCRA, but any such violations which occurred by other entities is time-barred.

Similarly, the collection activity of the law firm within one year of Jack's filing of her Complaint was limited to the dismissal of the Small Claims case which in and of itself is not a violation of the FDCPA. Therefore, Jack's Complaint and cause of action should be dismissed.

Respectfully submitted:

s/ROBERT E. STOCHEL
BY: Robert E. Stochel, Atty. No. 1686-45
Hoffman & Stochel
One Professional Center, Suite 306
Crown Point, In 43607
Phone: (219) 662-0165 Fax: (219) 662-2151

## CERTIFICATE OF SERVICE

I certify that on the 21st day of January 2011 service of a true and complete copy of the above pleading(s) was served upon Kelli T. Jack , 7127 Sea Pine Drive, Indianapolis, IN 46250 by depositing the same in the United States mail with sufficient first class postage affixed thereto.

s/ROBERT E. STOCHEL