UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLI T. JACK, | ) |
| | ) Marion County, Indianapolis |
| PLAINTIFF | ) Washington Township Small Claims |
| | ) State Court Case No. 49K07-1005-SC-2631 |
| -VS- | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT | ) Case No. 1:10-CV-0715-TWP/DML |
| BOWMAN HEINTZ BOSCIA | ) |
| & VICIAN, P.C., | ) |
| | ) |
| DEFENDANTS | ) |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

In her Response to the Defendants' Motion to Dismiss, Jack does a thorough job of reciting to the Court various cases dealing with the standard this Court must impose when ruling upon the Defendant's Motion to Dismiss. Where she fails in her Response is to apply the facts she has alleged to the law with respect to both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Jack's failure to allege facts supportive of her claims only further buttresses the Defendant's argument that this Complaint should be dismissed.[1]

---

[1] Jack states in her Response that in addition to the two federal statutes which were specifically alleged in her More Definite Statement, she has causes of action under state law with respect to" defamation, willful misconduct, financial injury and negligent claims". (See Response Summary) However, none of those state causes of action were alleged in her More Definite Statement and certainly she failed to allege any facts to support those claims or causes of action. Neither the Defendants, nor this Court, should be forced to "guess" what her specific claims are under state law and the facts that might support those claims. Nevertheless, with the dismissal of the two federal claims, this Court should follow the general rule and allow the pendent claims to be left to a state court. See *Wright v. Associated Insurance Co., Inc.,* 29 F.3 1244, 1251-1252 (7th Cir. 1994), citing *United Mine Workers of Am. v. Gibbs,* 383 US 715, 726, 86 S.Ct. 1130, 1139 (1966).

## ARGUMENT

### ISSUE I.

In their Motion to Dismiss, the Defendants make three basic arguments. First, they have shown that they have not violated the Fair Credit Reporting Act ("FCRA") because there is no specific allegation in the Complaint that the Defendants provided information to a credit reporting agency ("CRA"). The only private cause of action that Jack could have under the FCRA would be to allege that either or both of the Defendants provided incorrect or incomplete reports to a CRA. Jack has failed to allege facts sufficient to support her claim that either one of the Defendants made reports to a CRA regarding Jack. Therefore, her claim for violations of the FCRA fails.

### ISSUE II.

The second argument raised by the Defendants is that Jack's claim for violations of the FCRA are time-barred. Jack agrees with the Defendants that there is a two year statute of limitation for FRCA claims. What Jack does not recognize in her Response is the fact that the FCRA claim accrues two years from the date that the liability arose. As noted in her More Definite Statement, Jack discovered the alleged improper credit reporting in August 2000. That is when her problems with credit bureau reporting began. That is the date upon which the two year statute of limitations is applied. It was at that point in time that Jack should have taken action to promptly correct what she claims to be improper credit reporting. In fact, all of Jack's damage claims derive from her failure to enforce the correction of her credit reporting in August 2000.

In her Response, Jack argues that it was her understanding that the improper credit report had been removed in 2007. (Jack Response, Pg. 5). Although her argument is at times

confusing, she apparently makes the claim (see Response, Pg. 5) that the dunning letter sent to her by Bowman Heintz extended, in some fashion, the two year statute of limitations under the FCRA.

The Defendants could find no cases, nor has Jack cited to this Court any cases that show that the delivery of a dunning letter on the collection of consumer debt extends the statute of limitations for claims under the FCRA.[2]

### ISSUE III.

In the Defendants' third argument, they point out to the Court that the FDCPA has a one year statute of limitations. Jack does not dispute the fact that her initial Small Claims Counterclaim against the Defendants was filed on May 6, 2009. She also generally does not dispute the fact that any action by either of the Defendants prior to May 5, 2009 would be time-barred by the FDCPA. The Defendants have pointed out to the Court that the only activity that occurred after May 5, 2009, was the dismissal of the Small Claims lawsuit. Jack generally does not disagree with that statement. She provides this Court with no case law to support her claim that violations of the FDCPA can or did occur as the result of the dismissal of the pending Small Claims lawsuit.

### CONCLUSION

The Response by Jack to the Defendant's Motion to Dismiss did not help her cause of action. She repeatedly misconstrues the obligations of the Defendants under both the FCRA and the FDCPA. She fails to understand her obligations to timely file lawsuits based on the applicable statute of limitations in both federal lawsuits. Moreover, she apparently misunderstands her obligations to plead sufficient facts to support her cause of action.

---

[2] This, of course, is just one of many confusing and patently wrong statements made by Jack, who unfortunately is acting pro se in this litigation.

In light of all of the above, this Court should grant the Defendants' Motion to Dismiss. Moreover, because of the statements made by Jack in court pleadings are not statements of counsel, but are those of herself, there seems to be very little possibility that Jack could allege in an amended pleading sufficient facts to support causes of action under federal law against either Defendant. It would be a waste of judicial time and futility to allow Jack to replead her cause of action; particularly, to amend either her Complaint or More Definite Statement of Facts. Obviously, to support a cause of action against either of the Defendants for violation of the FCRA or FDCPA Jack's Amended Complaint or Amended Statement of Facts would have to include facts that are contrary to what she has already pled or alleged to this Court. Such an Amended Complaint would almost certainly draw a new and renewed Motion to Dismiss from the Defendants, which would unnecessarily add to the costs and expense of litigation in this matter.

Therefore the Plaintiff's Complaint, should be dismissed with prejudice.

Respectfully submitted:

s/ROBERT E. STOCHEL
By: Robert E. Stochel, Atty. No. 1686-45
Hoffman & Stochel
One Professional Center, Suite 306
Crown Point, IN 46307
(P) 219-662-0165 (F) 219-662-2151
E-Mail: res@reslaw.org

### CERTIFICATE OF SERVICE

I certify that on the February 15, 2011 service of a true and complete copy of the foregoing pleading has been served upon Kelli T. Jack by depositing the same in the United States mail in envelopes properly addressed and with sufficient first class postage affixed thereto.

s/ROBERT E. STOCHEL
Robert E. Stochel, Atty. No. 1686-45

## Certificate of Service

I hereby certify that on February 15, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the parties of record by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/Robert E. Stochel