UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLI J. JACK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) Case No. 1:10-cv-715-TWP-DKL |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| and BOWMAN HEINTZ BOSCIA & | ) |
| VISIAN, P.C., | ) |
| | ) |
|    Defendants. | ) |

**ENTRY DISCUSSING MOTION TO DISMISS**

Plaintiff Kelli J. Jack (Mr. Jack) initiated this action in Washington Township, Marion County, Indiana, Small Claims Court, Cause Number 49K07-1005-SC-02631. Defendants Midland Credit Management and Bowman Heintz Boscia & Vician, P.C. (collectively the Defendants) removed the action to the district court. At this Court's direction, Ms. Jack filed a more definite statement on January 3, 2011. See Dkts. 15 and 16 (hereinafter referred to as the "Supplemental Complaint"). Defendants argue that the Supplemental Complaint fails to state a claim upon which relief could be granted and seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons explained below the Motion to Dismiss [Dkt 17] **is granted in part and denied in part.**

**I. STANDARD OF REVIEW**

In evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes all well-pleaded allegations of the complaint are true and views them

in the light most favorable to the plaintiff. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the Defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed.R.Civ.P. 8(a)(2)). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'….A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Additionally, *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94 (citation omitted); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

## II. BACKGROUND

Ms. Jack alleges that a credit account was opened with FCNB-Spiegel ("Spiegel") using the name Kelli Renbarger and Ms. Jack's personal information in March 1998. Ms. Jack was not aware of and did not authorize this account.

On or about August 2000, Ms. Jack requested a copy of her credit report for review before

applying for a mortgage. The credit report listed Spiegel as a creditor with a negative payment history. Because Ms. Jack had never applied for or inquired about a Spiegel credit card she contacted Experian, TransUnion, and Equifax (collectively credit reporting agencies) and Spiegel to file a dispute. Ms. Jack never heard from Spiegel and the credit reporting agencies stated that the debt was accurate according to information provided by the creditor. Ms. Jack has never received any of the validation documents she requested.

In March 2003, the Spiegel account was "charged off as bad debt" and listed on Ms. Jack's credit report as such. Ms. Jack contacted the credit reporting agencies in April and May of 2003 and each said that the creditor had validated the debt. Beginning in December of 2005, Ms. Jack began receiving calls and letters from Simm Associates, Inc., a debt collector who had purchased the alleged "debt" owed to Spiegel earlier in the year. The letters demanding payment were sent to Kelli Jack. After sending a validation request letter in February of 2006, Ms. Jack was informed by Simm Associates that the account had been transferred to Midland Credit Management and they would be in contact to verify and/or correct the information.

In early 2007, Ms. Jack began receiving calls from a company identifying itself as Midland Credit. The caller would always ask for Kelli Renbarger to which Ms. Jack replied she had never gone by that name. Ms. Jack asked Midland Credit to send her documentation and validation using the name Kelli J. Jack to ensure it was received. Midland Credit never responded to verbal or written requests and the calls continued. More than 350 calls were received at Ms. Jack's residence and more than 500 at Ms. Jack's business. Abusive, offensive, and threatening language was used during some of the calls.

In a letter dated July 21, 2008, the Defendants instructed Ms. Jack (through a letter

3

addressed to Kelli Renbarger), of the following:

> Unless you dispute this debt, or any portion of it, within 30 days after you receive this notice, we will assume that this is valid.  If you notify us in writing within the 30 day period that you dispute this debt or any portion of it, we will obtain verification of the debt or a copy of any judgment and mail it to you.  If the above creditor is not your original creditor and you submit a written request within the 30 day period for the name and address of the original creditor, we will supply such information to you.  If you do dispute this debt or any portion thereof, in writing in the 30 day period, or if you within the 30 day period request the name and address of the original creditor, we will cease collection of the debt or any disputed portion thereof until we mail you verification of the debt or a copy of any judgment or the name and address of the original creditor.

Ms. Jack mailed a letter to the Defendants requesting the current address of the original creditor, disputing the entire debt, and attaching a copy of the fraud affidavits, a police report she had filed, and previous requests for information.  Ms. Jack also faxed two separate copies to the fax number listed on the Defendants' letterhead and received confirmation of each fax.  Ms. Jack did not receive a response to the letter and her subsequent phone calls were not returned.

Ms. Jack later learned the Defendants had filed suit in the Center Township of Marion County on October 2, 2008, Cause No. 49K01-0810-SC-11293, without notifying Ms Jack.  As she had no knowledge of the trial, Ms. Jack did not attend the proceeding.  A default judgment in favor of the Defendants was issued and proceedings supplemental and garnishment action were scheduled.  Ms. Jack learned of the judgment only when the Defendants took steps to garnish her wages.  Ms. Jack filed a motion to dismiss the Center Township of Marion County Small Claims Court action on May 19, 2009. On June 30, 2009, the Small Claims court vacated the judgment and dismissed the action against Ms. Jack.

On August 14, 2009, the Defendants mailed a letter to Ms. Jack stating that the three major credit reporting agencies had been instructed to remove the Midland Credit Management account

from the Ms. Jack's credit file. On December 29, 2009, Ms. Jack contacted the three credit reporting agencies to find out why the negative and inaccurate information remained on her credit file. The credit reporting agencies stated that they had received nothing from the Defendants. Ms. Jack requested but has not received a copy of the letter sent to the credit agencies.

On February 15, 2010, Ms. Jack was denied a loan because of the inaccurate information on her credit report. On February 16, 2010, and again on April 8, 2010, Ms. Jack contacted the Defendants but received no response. The credit reporting agencies once again confirmed that they have not received the necessary documents from the Defendants to remove the information from Ms. Jack's credit reports.

Ms. Jack initiated this action in Small Claims court on May 6, 2010. The original complaint alleges that the Defendants Midland Credit Management and Bowman, Heintz, Roscia & Vician are indebted to the Plaintiff in the sum of $6,000.00 for "defamation, several FCRA violations, 97 FDCPA violations, willful injury, financial injury, FCRA, and negligence. She further alleges the Defendants repeatedly violated these laws and failed to report accurately." Dkt. 1-1.

### III. DISCUSSION

Each of Ms. Jack's claims for relief, as set forth in the supplemental complaint, are discussed below.

**A.   Defamation**

Ms. Jack alleges a state law defamation claim against the Defendants as Defendants knowingly and repeatedly made false written and verbal statements to Ms. Jack's employees, co-workers, and family members which harmed her reputation and business and caused emotional

distress.  The Defendants argue for the first time in a footnote of their reply brief that a defamation claim was not alleged in the supplemental complaint and Ms. Jack failed to allege facts in support of that claim. This undeveloped argument is summarily rejected.

**B.     Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.**

Ms. Jack alleges the Defendants violated the FCRA which governs the furnishing of information about debts to credit reporting agencies.

### 1.     Failure to Report Dispute, 15 U.S.C. § 1681s-2(b)

Ms. Jack argues the Defendants failed to report the alleged debt as disputed to the credit bureaus and/or failed to correct the information related to the debt in violation of 15 U.S.C. § 1681s-2(b) (Section 623(b) of the FCRA).  For example, following the dismissal of Cause No. 49K01-0810-SC-11293 in Marion County Small Claims Court, on June 30, 2009, the Defendants should have notified the credit reporting agencies that the debt related to the Spiegel account was inaccurate and directed the removal of the Midland Credit Management account from Ms. Jack's credit file. Ms. Jack also alleges that the Defendants should have notified the credit reporting agencies that the debt was disputed after they were notified that the debt was disputed in response to their letter dated July 21, 2008.

Defendants argue that dismissal of these claims is appropriate because Ms. Jack does not allege that the Defendants were put on notice by a credit reporting agency that the debt was disputed as required by the FCRA. See § 1681i(a)(2) and 1681s-2(b). The Court agrees, the Supplemental Complaint does not allege that Ms. Jack made disputes to the credit reporting agencies regarding the furnishing of credit information by either of the Defendants.   Nor does Ms. Jack allege that either of the Defendants furnished negative credit information to a credit reporting

6

agency. There is no allegation that a credit reporting agency communicated or contacted either of the Defendants for purposes of validating or verifying information that may have been provided by either of the Defendants. Further, the Defendants cannot be liable for the misreporting of credit information by other parties, and the Supplemented Complaint relays that Ms. Jack disputed the Spiegel/FCNB credit report between 2000 and 2003 and was advised by the three major credit reporting agencies that Spiegel/FCNB validated the debt. *See, i.e.*, *Hukic v. Aurora Loan Services*, 588 F.3d 420, 434 (7th Cir. 2009). Accordingly, the claims that the Defendants failed to report the debt as disputed are dismissed.

### 2. Debt Older than Seven Years, 15 U.S.C. § 1681c

Ms. Jack also alleges that the Defendants "attempted to 're-age' the original Spiegel/FCNB account by updating the start date on the credit reports to 2007 instead of 1998 when the account was opened, violating 15 U.S.C. § 1681c (Section 605(c) of the FCRA). The FCRA prohibits a consumer reporting agency from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years," measured from 180 days after the account is placed in collection or charged off by the creditor. 15 U.S.C. § 1681c(a)(4), (c)(1). But it is the consumer reporting agency, and not the Defendants, that created the consumer report of which Ms. Jack complains. Accordingly, even assuming that this provision of the FCRA was violated, Ms. Jack cannot state a claim against the Defendants on that basis. *See Huertas v. Galaxy Asset Management,* 641 F.3d 28, 34-35 (3rd Cir. 2011); *D'Angelo v. Wilmington Med. Ctr., Inc.*, 515 F.Supp. 1250, 1253 (D.Del. 1981) (collection agency that provided information to consumer reporting agency regarding a debt was not a consumer reporting agency under the FCRA). Accordingly, claims alleged against the Defendants pursuant

to 15 U.S.C. § 1681c are dismissed.

### 3. Reporting Inaccurate Information, 15 U.S.C. § 1681

In her response to the motion to dismiss, Ms. Jack argues that 15 U.S.C. § 1681 imposes civil liability on "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer." 15 U.S.C. § 1681n(a). Further, she asserts that Midland Credit Management is a furnisher of credit information and must adhere to FCRA in that it has "a duty to provide accurate credit information to consumer reporting agencies." Citing 15 U.S.C. § 1681ls-2, she contends that the FCRA does provide limited private cause of action against furnishers of information and she claims both Defendants provided inaccurate information to the three major credit reporting agencies.

But even if the Defendants provided inaccurate information to a consumer reporting agency, Ms. Jack cannot sue the Defendants under § 1681s–2(a). "Section 1681s–2(c) specifically exempts violations of § 1681s–2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section." *Lang v. TCF Nat'l Bank, et al.*, 338 Fed.Appx. 541, 544 (7th Cir. 2009) (citations omitted); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Thus, even if Ms. Jack's supplemented complaint could be understood to assert that the Defendants reported inaccurate information to credit reporting agencies in violation of FCRA § 1681s–2(a), she has no private right of action under this provision of the statute. Accordingly, any claim pursuant to § 1681s–2(a) must be dismissed. *Woods v. Wells Fargo Financial Bank,* 753 F.Supp.2d 784, 792 (S.D. Ind. 2010).

### 4. Failure to Notify, 15 U.S.C. § 1681m(a)

Ms. Jack argues that she has stated a claim under 15 U.S.C. § 1681m(a) because

8

Defendants failed to notify her that they were taking an adverse action against her (filing a claim in Small Claims court) based on the information in her credit report. The FCRA requires notice to any consumer subjected to "adverse action ... based in whole or in part on any information contained in a consumer [credit] report." 15 U.S.C. § 1681m(a). Anyone who "willfully fails" to provide notice is civilly liable to the consumer. § 1681n(a). *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007). This specific claim is not addressed by the Defendants and will proceed as submitted.

      **5.**      **Statute of Limitations**

The Defendants argue that Ms. Jack's FCRA claims are time-barred because Ms. Jack first discovered the alleged improper reporting of the debt in August 2000, and by November 2003, she understood that the credit reporting agencies were not correcting her credit reports because Spiegel had validated her debt and information. Under the FCRA, a party has two years from the date in which the liability arises in order to file a cause of action. 15 U.S.C. § 1681p provides:

> An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

The only FCRA claim identified by the court and not dismissed already on other grounds is the claim brought pursuant to 15 U.S.C. § 1681m(a). That claim was not addressed by the Defendants and may have been brought within the two year statute of limitations. Accordingly, resolution of this issue requires further development.

Accordingly, Ms. Jack's claim pursuant to 15 U.S.C. § 1681m(a) may proceed, all other FCRA claims are dismissed for failure to state a claim upon which relief may be granted.

### C.     Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

Ms. Jack alleges that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), which protects debtors against harassment and unfair collection methods.

#### 1.     The Allegations

Ms. Jack alleges that Midland Credit Management attempted to garnish her wages and seize personal property in violation of FDCPA § 807. She further alleges that Midland Credit Management used abusive language towards her, her staff and co-workers both at home and at work and caused the phone to ring repeatedly at all hours of the day and night, in violation of FDCPA § 806.

The Defendants failed to report Ms. Jack's debt as disputed to the credit reporting agencies, in violation of FDCPA § 807(8). They failed to validate the debt, yet continued to pursue collection activity by filing for a judgment, calling, and writing Ms. Jack, in violation of the FDCPA § 809(b). Midland Credit Management continued to phone Ms. Jack after she sent them several cease and desist letters, violating FDCPA § 805(c).

The Defendants failed to validate Ms. Jack's alleged debt, yet continued to report the negative information to the credit reporting agencies, in violation of FDCPA § 809(b). Midland Credit Management threatened to take Ms. Jack's car without a judgment, in violation of FDCPA § 808 and made calls to Ms. Jack at work and at home outside of permissible hours, in violation FDCPA § 805(a)(1). Additionally, Midland Credit Management repeatedly called Ms. Jack's business and part-time employer, in violation of FDCPA § 805(a)(3) and called and otherwise contacted third parties including Ms. Jack's employees, colleagues, and employer, violating

FDCPA § 805(b).

### 2. Statute of Limitations

The Defendants argue that the FDCPA has a one year statute of limitations. The record reflects that Ms. Jack filed this action on May 6, 2010. Thus, any action by either of the Defendants prior to May 5, 2009, would be time-barred by the FDCPA. The Defendants argue that the only activity that occurred after May 5, 2009, was the dismissal of the small claims lawsuit. The Defendants contend there is no support for the claim that violations of the FDCPA can or did occur as a result of the dismissal of the pending small claims lawsuit.

The FDCPA requires that claims be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692(k)(d). Where the violation arises out of a collection lawsuit, the FDCPA's statute of limitations begins to run when the allegedly wrongful litigation begins. See *Woods v. Wells Fargo Financial Bank,* 2010 WL 4629905, *3 (S.D. Ind. 2010); *Judy v. Blatt, Hasenmiller, Liebsker and Moore LLC*, 2010 WL 431484, at *3 (N.D. Ill. Jan. 29, 2010) (*citing Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), and *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002)); *See also Gulley v. Pierce & Associates*, 2010 WL 5060257, 3 (N.D. Ill. 2010) (claim did not accrue until Defendant attempted to collect the debt).

Ms. Jack alleges that some of her claims are not barred by the statutes of limitations. First, she filed this action within one year of discovering that the Defendants filed suit against her without her knowledge in the Center Township of Marion County on October 2, 2008. The Defendants also failed to respond to written and verbal requests for verification of communication with credit reporting agencies between August 22, 2009 and May 6, 2010.

The claims related to these three violations—pursuing collection activity without

validating the debt and failing to report plaintiff's debt as disputed on or about August 22, 2009, and May 6, 2010, may proceed.  All other claims, based on allegations occurring prior to May 5, 2009, are dismissed as time-barred.

**D.     State Law Claims of Willful Misconduct and Financial Injury**

Ms. Jack alleges claims of willful misconduct and financial injury against the Defendants. The Court is not aware of any common law or statutory basis for these claims and to the extent these claims could be recognized there are no factual allegations to support them.  It is on this basis that the state law claims of willful misconduct and financial injury are dismissed without prejudice.

## IV.  CONCLUSION

This Court is uncertain whether Ms. Jack can cure the deficiencies in her claims.  But, given Ms. Jack's *pro se* status and the fact that she knows first-hand both the facts and timing of her allegations, the dismissals provided for in this Entry shall be without prejudice with leave to amend.  *See Arnett v. Webster,* 2011 WL 4014343, 11 (7th Cir. September 12, 2011); *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).  If Ms. Jack wishes to amend her complaint, she must do so within **thirty (30) days** from the date this Entry is docketed.  If an amended complaint is filed it will completely replace and supersede the original complaint. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).  Ms. Jack should take care not to include in any amended complaint those claims which were dismissed in this action for which there is no cure.

If no amended complaint is filed within 30 days of the date of this Order, the defamation claim, the FCRA claim pursuant to 15 U.S.C. § 1681m(a), and the FDCPA claims based on

pursuing collection activity without validating the debt and failing to report Ms. Jack's debt as disputed on or about August 22, 2009, and May 6, 2010, shall proceed in the normal course.

      **SO ORDERED.**

Date:   09/19/2011

                                                        Hon. Tanya Walton Pratt, Judge
                                                      United States District Court
                                                      Southern District of Indiana

DISTRIBUTION:

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Kelli J. Jack
7127 Sea Pine Drive
Indianapolis, Indiana   46250